ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
ARTHUR C. LEAHY (149135)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
artl@rgrdlaw.com
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. GOLDSTEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TONGXIN INTERNATIONAL LTD., et al., <br><br> Defendants. | No. 2:11-cv-00348-VBF(PJWx) <br><br> CLASS ACTION <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL <br><br> DATE:    April 4, 2011 <br> TIME:    1:30 p.m. <br> CTRM:   9 <br> JUDGE:  Hon. Valerie Baker Fairbank |

1   Class members Michael A. Goldstein, Eric W. Goldstein, and Daniel J. Rock
2   and Kathleen A. Rock on behalf of SEP IRA f/b/o Daniel J. Rock, IRA f/b/o Kathleen
3   Rock and Daniel J. and Kathleen A. Rock Trust u/a/d 2/7/01 respectfully submit this
4   memorandum in support of their motion for: (i) consolidation; (ii) appointment as lead
5   plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA");
6   and (iii) approval of their selection of Robbins Geller Rudman & Dowd LLP
7   ("Robbins Geller") as lead counsel for the class.

8   **I.   INTRODUCTION**

9   There are three securities class action lawsuits (the "Related Actions") pending
10  in this Court on behalf of all purchasers of Tongxin International Ltd. ("Tongxin" or
11  the "Company") common stock between May 15, 2009 through December 14, 2010,
12  inclusive (the "Class Period") against Tongxin and certain of its officers and/or
13  directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act"):

| Case | Date Filed |
|------|------------|
| *Goldstein v. Tongxin International Ltd.*, No. 11-cv-00348 | 1/12/11 |
| *Liu v. Tongxin International Ltd.*, No. 11-cv-00671 | 1/21/11 |
| *Potrykus v. Tongxin International Ltd.*, No. 11-cv-00803 | 1/26/11 |

18  The PSLRA requires district courts to resolve consolidation prior to appointing
19  a lead plaintiff in securities cases such as this.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).
20  Here, the Related Actions should be consolidated because they each involve
21  substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

22  Pursuant to the PSLRA, and as soon as practicable after its decision on
23  consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for
24  the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the
25  "member or members of the purported plaintiff class that the court determines to be
26  most capable of adequately representing the interests of class members."  15 U.S.C.
27  §78u-4(a)(3)(B)(i).  The Goldsteins and Rocks should be appointed lead plaintiff
28  because they: (1) timely filed their motion; (2) to their counsel's knowledge, have the

largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Goldsteins' and Rocks' selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Tongxin, through its subsidiary, Hunan Tongxin Enterprise Co. Ltd., designs, develops, manufactures, sells, and services engineered vehicle body structures ("EVBS") for light, medium, and heavy duty trucks, and light vehicles in the People's Republic of China.[1]  The EVBS consist of exterior body panels, including doors, floor pans, hoods, side panels, and fenders.  The Company also designs, fabricates, and tests dies used in the vehicle body structure manufacturing process.  In addition, it manufactures complete cab structures for commercial vehicles.

The complaints allege that defendants issued materially false and misleading statements regarding the Company's business and financial results during the Class Period.  Specifically, defendants improperly accounted for Tongxin's related-party transactions.  As a result of defendants' false statements, Tongxin's stock traded at artificially inflated prices during the Class Period, reaching a high of $11.39 per share on October 14, 2009.

On June 30, 2010, Tongxin announced that the filing of its Form 20-F for the fiscal year ending December 31, 2009 would be delayed because the Company's auditor needed additional time to complete its review.  Beginning in July 2010, the Company began to acknowledge that the delay was due to an investigation by the Company's Audit Committee into Tongxin's accounting for certain related-party

---

[1]     The Individual Defendants include Rudy Wilson (the Company's Chairman and CEO), Jackie Chang (the Company's CFO and CAO), William E. Zielke (a director), and Zhang Duanxiang (a director).

1    transactions.   Nevertheless, the Company downplayed the investigation and the
2    circumstances surrounding the review of the related-party transactions.

3          On October 12, 2010, Tongxin announced that NASDAQ would delist the
4    Company's stock due to its failure to timely file its Form 20-F.   Moreover, the
5    Company acknowledged that a report issued by KPMG, the forensic accountants hired
6    by the Company's Audit Committee, concluded that the documentary support for
7    certain of its related-party transactions was contradictory, insufficient and lacking in
8    substantive detail and/or accuracy, thus calling into question the validity of the
9    transactions.   On this news, Tongxin's stock dropped 22% on unusually heavy
10   volume.

11         On November 20, 2010, Tongxin issued a press release announcing that
12   defendants Rudy Wilson and Jackie Chang were being removed from their positions
13   as officers of the Company.   Additionally, Tongxin lowered its revenue guidance for
14   fiscal year 2010 from its prior outlook of $150-$160 million to a range of $100-$110
15   million.   On this news, Tongxin's stock dropped another 7% on high volume on
16   November 22, 2010 (the next trading day).

17         Thereafter, on December 13, 2010, Tongxin announced that it had filed a civil
18   suit against defendant Chang due to the wrongful transfer of Company funds by
19   Chang into an account for the benefit of her and defendant Wilson.   As alleged in
20   Tongxin's complaint, in mid-November, defendant Chang became aware of the fact
21   that the Company's Board was planning to terminate her and defendant Wilson and
22   thus began to transfer funds from a Company account into a bank account in her name
23   to protect herself in the event she was terminated.   On this news, Tongxin's stock
24   declined an additional 4% on high volume on December 14, 2010 (the next trading
25   day).

26         The true facts, which were known by the defendants but concealed from the
27   investing public during the Class Period, were as follows: (a) Tongxin improperly
28   accounted for its related-party transactions such that its financial statements were

- 3 -

presented in violation of Generally Accepted Accounting Principles; and (b) defendants failed to maintain proper internal controls related to Tongxin's engaging in and accounting for its related-party transactions and over the safeguard of the Company's assets.  As a result of defendants' false statements, Tongxin's common stock traded at inflated levels during the Class Period.  As these revelations were absorbed by the market, the Company's stock price declined over 88% from its Class Period high, causing damage to the class of Tongxin shareholders.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

When "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  Here, the three Related Actions allege claims on behalf of purchasers of Tongxin common stock for violations of the Exchange Act during the Class Period.  The defendants, Class Periods, factual allegations, and claims are nearly identical.  As such, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court, and will ease the litigation burden on all parties involved."  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).[2]

### B.   The Goldsteins and Rocks Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than twenty days after

---

[2]   A similar action against Tongxin and certain of its officers and directors was filed in the U.S. District Court for the Eastern District of New York on January 3, 2011.  *See Augenbaum v. Tongxin Int'l, Ltd.*, No. 11-0010 (E.D.N.Y.).  The *Augenbaum* case was voluntarily dismissed on January 14, 2011.  *Id.*

filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  The Goldsteins and Rocks meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1.  The Goldsteins and Rocks Have Timely Filed Their Motion

The January 3, 2011, notice published in this action advised class members of the action's pendency, the alleged claims, the proposed class period, and the option of moving the Court to be appointed as lead plaintiff within 60 days of January 3, 2011, or March 4, 2011.  *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Myers Decl."), Ex. A.  This Motion is therefore timely filed and the Goldsteins and Rocks are entitled to be considered for appointment as lead plaintiff.

### 2.  The Goldsteins and Rocks Possess the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Goldsteins and Rocks lost almost $160,000 as a result of defendants' misconduct.  *See* Myers Decl., Exs. B, C.  To the best of their counsels' knowledge, there are no other applicants seeking appointment as lead plaintiff who have a larger financial interest.  As such, the Goldsteins and Rocks satisfy the PSLRA's largest financial interest requirement.

### 3. The Goldsteins and Rocks Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003). The Goldsteins and Rocks satisfy these requirements at this stage of the litigation.

The Goldsteins and Rocks have submitted sworn certifications confirming their desire, willingness and ability to serve as lead plaintiff. *See* Myers Decl., Ex. B. Like all class members, the Goldsteins and Rocks purchased Tongxin common stock during the Class Period at allegedly inflated prices and suffered damages as a result. *See* Myers Decl., Ex. C. The Goldsteins' and Rocks' almost $160,000 loss further indicates that they have the incentive to represent the claims of the class vigorously. *Id.* In addition, the Goldsteins and Rocks have a longstanding pre-litigation relationship and decided to jointly seek appointment as lead plaintiff independently of their counsel. *See* Myers Decl., Ex. D. Moreover, the Goldsteins and Rocks are not subject to unique defenses and are not aware of any conflicts between their claims and

- 6 -

1   those asserted by the class.  Finally, as discussed below, the Goldsteins and Rocks
2   selected qualified counsel experienced in securities litigation.

3        The Goldsteins' and Rocks' common interests shared with the class, their
4   significant losses suffered and their selection of qualified counsel demonstrates their
5   satisfaction of the Rule 23 requirements at this stage.

6        **C.    The Court Should Approve the Goldsteins' and Rocks'
              Selection of Counsel**

7        The PSLRA vests authority in the lead plaintiff to select and retain lead counsel,
8   subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should
9   not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the
10  interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*,
11  306 F.3d at 732-33; *Cohen v. United States Dist. Ct. for the N. Dist.*, 586 F.3d 703
12  (9th Cir. 2009).  The Goldsteins and Rocks selected Robbins Geller as their counsel in
13  this case.

14       Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged
15  in complex litigation, particularly securities litigation.  *See* Myers Decl., Ex. E.
16  District courts throughout the country, including this Court, have noted Robbins
17  Geller's reputation for excellence, which has resulted in the appointment of Robbins
18  Geller attorneys to lead roles in hundreds of complex class action securities cases.
19  *See, e.g., In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney,
20  J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive
21  experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d
22  732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and
23  reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most
24  successful law firms in securities class actions, if not the preeminent one, in the
25  country").

26       As such, the Court may be assured that in the event this Motion is granted, the
27  members of the class will receive the highest caliber of legal representation available
28

- 7 -

1   from Robbins Geller.  Accordingly, the Goldsteins' and Rocks' selection of counsel

2   should be approved.

3   **IV.    CONCLUSION**

4          The three Related Actions before the Court are virtually identical and should be

5   consolidated.   In addition, the Goldsteins and Rocks have satisfied each of the

6   PSLRA's requirements for appointment as lead plaintiff.  As such, the Goldsteins and

7   Rocks respectfully request that the Court appoint them Lead Plaintiff, approve their

8   selection of counsel and grant such other relief as the Court may deem just and proper.

9   DATED:  March 4, 2011                    Respectfully submitted,

10                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
11                                            DARREN J. ROBBINS
                                             ARTHUR C. LEAHY
12                                            DANIELLE S. MYERS

13

14                                            _____s/DANIELLE S. MYERS_____
                                                DANIELLE S. MYERS
15
                                             655 West Broadway, Suite 1900
16                                            San Diego, CA  92101
                                             Telephone:  619/231-1058
17                                            619/231-7423 (fax)

18                                            [Proposed] Lead Counsel for Plaintiffs

19                                            LAW OFFICES OF CURTIS V.
                                             TRINKO, LLP
20                                            CURTIS V. TRINKO
                                             16 West 46th Street, 7th Floor
21                                            New York, NY  10036
                                             Telephone:  212/490-9550
22                                            212/986-0158 (fax)

23                                            Additional Counsel for Plaintiffs

24

25

26

27

28

- 8 -

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on March 4, 2011, I authorized the electronic filing of the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send

4    notification of such filing to the e-mail addresses denoted on the attached Electronic

5    Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6    document or paper via the United States Postal Service to the non-CM/ECF

7    participants indicated on the attached Manual Notice List.

8          I certify under penalty of perjury under the laws of the United States of America

9    that the foregoing is true and correct.  Executed on March 4, 2011.

10

11                                        s/ DANIELLE S. MYERS
                                          DANIELLE S. MYERS

12                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
13                                        655 West Broadway, Suite 1900
                                          San Diego, CA  92101-3301
14                                        Telephone:  619/231-1058
                                          619/231-7423 (fax)
15

16                                        E-mail:      dmyers@rgrdlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

610811_1

# Mailing Information for a Case 2:11-cv-00348-VBF -PJW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Catherine J Kowalewski**
  katek@rgrdlaw.com,ldeem@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)