ROBBINS GELLER RUDMAN
 & DOWD LLP
ARTHUR C. LEAHY (149135)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
dmyers@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. GOLDSTEIN, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TONGXIN INTERNATIONAL LTD., et al.,<br><br>　　　　　　　　Defendants. | Lead No. 2:11-cv-00348-JAK(PJWx)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:　July 9, 2012<br>TIME:　8:30 a.m.<br>CTRM:　The Honorable<br>　　　　John A. Kronstadt |

This matter came before the Court for hearing pursuant to an Order of this Court, dated May 3, 2012 (Dkt. No. 134), on the application of the Lead Plaintiffs for approval of the Settlement set forth in the Stipulation of Settlement, dated as of March 15, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class, for purposes of entering this Judgment.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased Tongxin common stock during the period between May 18, 2009 and December 17, 2010, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants; any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant; Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period; Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns; and members of the Individual Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, as set forth in Exhibit 1 attached hereto.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Settlement Class Members, and the Defendants. Accordingly, the

Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, the Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Settlement Class Members, and their counsel, employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice, as provided for in the Revised Order Preliminarily Approving Settlement and Providing for Notice,

attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and the Litigation is being settled voluntarily after consultation with competent legal counsel.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: July 9, 2012

_____
THE HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1



RECEIVED EC
JUN 2 8 2012
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Tongxin International LTD

Case Code: TONGXIN

Exclusion Deadline: 6/25/12 (Postmark Date)

Name of Person Filing Exclusion: Brian Bueter

To whom it may concern,

Please exclude me from the *Michael A. Goldstein, et al. v. Tongxin International Ltd., et al.*, Lead No. 2:11-cv-00348-JAK(PJWx) Settlement class. According to my broker, I had zero shares of Tongxin common stock between the dates of May 18, 2009 and December 17, 2010.

Once again please exclude me from this settlement.

Thanks,

Brian Bueter

10


TONGXIN SECURITIES LITIGATION
CLAIMS ADMINISTRATION
c/o B. LARDI & Co. LLC
P.O. Box 5100
LARKSPUR, CA 94977-5100

RECEIVED
JUN 28 2012
CLAIM CENTER

9457751000

11